IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-664-M-KS

| | | |
|---|---|---|
| ANDREW GLUCK, LORRAINE, MEEHAN, AMY ROSENTHAL, and JOSHUA RAVITCH,<br><br>Plaintiffs,<br><br>v.<br><br>RALEIGH POLICE OFFICER D.M. ASKEGAARD, RALEIGH POLICE OFFICER W.E. NORDSTROM, LT. HALTERMAN, RALEIGH POLICE OFFICER SGT. DOE #1, RALEIGH POLICE OFFICER SGT. DOE #2, RALEIGH POLICE OFFICER DOE #1, RALEIGH POLICE OFFICER DOE #2, RALEIGH POLICE OFFICER DOE #3, YOUNES ZAYYAD, and JASON MITCHELL,<br><br>Defendants. | ) | **MEMORANDUM & RECOMMENDATION** |

This matter is before the court on the following motions, which have been referred for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B):

1. Motion to Dismiss First Amended Complaint filed by Defendant Younes Zayyad [DE #34];

2. Motion to Dismiss Amended Complaint filed by Defendants Raleigh Police Officer D.M. Askegaard, Raleigh Police Officer W.E. Nordstrom, and Lt. Halterman ("Defendant Officers") [DE #40]; and

3. Plaintiffs' Motion for Leave to File Second Amended Complaint [DE #58].

The parties have had the opportunity to brief the issues presented,[1] and the time for doing so has expired. The motions are therefore ripe for ruling. For the reasons set forth below, it is recommended that Plaintiffs' motion to amend be granted and Defendants' motions to dismiss be denied without prejudice as moot.

## BACKGROUND

Plaintiffs filed this action on October 20, 2025, alleging they were assaulted, battered, and deprived of their civil rights while counterprotesting a political rally[2] at Moore Square Park in Raleigh, North Carolina, on May 13, 2023. (Compl. [DE #1].) On January 29, 2026, Plaintiffs filed an amended complaint asserting civil rights claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, as well as state-law claims for malicious prosecution, conversion, intentional infliction of emotional distress, and battery. (1st Am. Compl. [DE #30].) Defendant Zayyad was a protester at the rally and has moved to dismiss Plaintiffs' claims against him pursuant to Rule 12(b)(1) and 12(b)(6). (Def. Zayyad's Mot. Dismiss [DE #34].) Defendant Officers have moved to

[1] Plaintiffs filed a response in opposition to each of the motions to dismiss [DE ##44, 57], and Defendant Zayyad filed a reply with respect to his motion to dismiss [DE #56]. Defendant Zayyad also filed a response in opposition to Plaintiffs' motion for leave to file a second amended complaint [DE #62]. Defendant Officers did not file a response to Plaintiffs' motion to amend, nor did they file a reply with respect to their motion to dismiss.

[2] Plaintiffs are Jewish Americans and characterize the rally as an antisemitic, anti-Israel rally, calling for the destruction of the Jewish State of Israel. (1st Am. Compl. [DE #30] ¶¶ 1, 3–6.) Defendant Zayyad, a Palestinian protester, describes the event as a Nakba Day rally, held to "commemorat[e] the mass displacement, dispossession, and killing of Palestinians surrounding the establishment of the State of Israel," and "to express support for the right of [Palestinians] to return to their homeland." (Def. Zayyad's Mem. Supp. Mot. Dismiss 1st Am. Compl. [DE #35] at 2.)

dismiss the claims against them pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6). (Def. Officers' Mot. Dismiss [DE #40].) Plaintiffs have responded in opposition to the motions to dismiss (Pls.' Mem. Opp'n Def. Zayyad's Mot. Dismiss [DE #44]; Pls.' Mem. Opp'n Def. Officers' Mot. Dismiss [DE #57]) and have filed a separate motion for leave to file a second amended complaint (Pls.' Mot. Am. Compl [DE #58]).

## DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure, which governs amendment of Plaintiffs' complaint, provides that leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Amendment should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party," or the amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "[D]elay alone is not sufficient reason to deny leave to amend"—prejudice, bad faith, or futility must also be present. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986). An amendment is futile if it "is clearly insufficient or frivolous on its face." *Id.* at 510. Whether to grant leave to amend is within the discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs request leave to file a second amended complaint, having previously amended their complaint as of right. A number of the proposed amendments relate to Plaintiffs' claims against the Defendant Officers—asserting individual capacity claims, adding a failure to train theory to Plaintiffs' § 1983 *Monell* claims, adding a

bystander liability theory to Plaintiffs' § 1983 claims against the Defendant Officers, specifying the "severe emotional distress" allegedly suffered by Plaintiffs, and requesting injunctive relief to require the Raleigh Police Department to provide training. (*See* Prop. 2d Am. Compl. [DE #58-2].) The proposed amendments arise from the same nucleus of operative facts already pled by Plaintiffs, and Defendant Officers have lodged no objection to these amendments. Accordingly, these amendments should be allowed.

As to Defendant Zayyad, Plaintiffs seek to add assault and § 1981 claims on behalf of Plaintiffs Meehan and Gluck and to amend Plaintiffs' intentional infliction of emotional distress ("IIED") claims to specify the "severe emotional distress" allegedly suffered by Plaintiffs. (Prop. 2d Am. Compl. at 49–50, 53–54.) Defendant Zayyad opposes Plaintiffs' motion, contending the amendments should be denied as futile. (*See* Def. Zayyad's Resp. Opp'n Pls.' Mot. Am. Compl. [DE #62].)

Defendant Zayyad first argues that the proposed § 1981 "full and equal benefit" claims, like the § 1981 claims already pled against him, are legally insufficient because no state action is alleged. (Def. Zayyad's Resp. Opp'n Pls' Mot. Am. Compl. at 7–8.) Defendant Zayyad relies on two Fourth Circuit decisions, *Jones v. Poindexter*, 903 F.2d 1006 (4th Cir. 1990), and *Shaare Tefila Congregation v. Cobb*, 785 F.2d 523 (4th Cir. 1986), which required state action to assert a claim under § 1981's Equal Benefit Clause. *See Jones*, 903 F.2d at 1010 ("A § 1981 'full and equal benefit' suit will not stand unless there was state action denying the plaintiff the full and equal benefit of the law."). However, the cases upon which Defendant Zayyad relies were

decided prior to the 1991 amendment of § 1981, which expressly protects individuals against nongovernmental (i.e. private) discrimination. *See* 42 U.S.C. § 1981(c) ("The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."). Some courts still require state action to support a § 1981 "full and equal benefit" claim. *See, e.g.*, *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("Because the state is the sole source of the law, it is only the state that can deny the full and equal benefit of the law."). However, the Fourth Circuit does not appear to have addressed the impact of the 1991 amendment to § 1981. Moreover, the proposed § 1981 claims are similar to those already pled against Defendant Zayyad. The legal sufficiency of the proposed claims can be addressed along with the other § 1981 claims, and it is therefore recommended that Plaintiffs be allowed to amend their complaint to add the § 1981 claims on behalf of Plaintiffs Meehan and Gluck.

As to their IIED claims, Plaintiffs seek to include allegations specifying the severe emotional distress allegedly caused by Defendant Zayyad. (Prop. 2d Am. Compl. at 47–50.) Defendant Zayyad contends Plaintiffs' IIED allegations fail to state a plausible claim for relief and therefore the amendments are futile. (Def. Zayyad's Resp. Opp'n Pls.' Mot. Am. Compl. at 8–10.) The court finds no bad faith or undue prejudice as to the proposed amendments to the IIED claims already pled by Plaintiffs. Any issue as to the legal sufficiency of the claims can be addressed upon the filing of an appropriate motion. The proposed amendments should therefore be allowed.

Finally, Plaintiffs seek to add assault claims against Defendant Zayyad on behalf of Plaintiffs Meehan and Gluck. (Prop. 2d Am. Compl. at 53–54.) Defendant Zayyad contends the claims should be denied as futile. (Def. Zayyad's Resp. Opp'n Pls.' Mot. Am. Compl. at 10–11.) The undersigned disagrees. Furthermore, the proposed assault claims arise from the same facts already pled by Plaintiffs. As this case is in its nascent stage, the addition of these claims will not cause undue prejudice to Defendant Zayyad. *See Laber*, 438 F.3d at 427 ("An amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.").

There has been no showing of bad faith or undue prejudice, and none of Plaintiffs' proposed amendments appear "clearly insufficient or frivolous" on their face. Accordingly, Plaintiffs should be granted leave to file their proposed second amended complaint, and Defendants' motions to dismiss should be denied as moot. *See Nat'l Coating & Supplies, Inc. v. Valley Forge Ins. Co.*, No. 5:20-CV-275-M, 2020 WL 4926282, at *1 (E.D.N.C. Aug. 21, 2020) ("[T]he filing of an amended complaint renders the current complaint inoperative and . . . any motions directed at the superseded pleading must be denied as moot." (citations omitted)).

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED as follows:

1. Plaintiffs' Motion for Leave to File Second Amended Complaint [DE #58] should be GRANTED;

2. Defendant Officers' Motion to Dismiss Amended Complaint [DE #40] should be DENIED WITHOUT PREJUDICE as moot; and

3. Defendant Zayyad's Motion to Dismiss First Amended Complaint [DE #34] should be DENIED WITHOUT PREJUDICE as moot.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **August 4, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See*, *e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C. May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district

judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 21st day of July 2026.

KIMBERLY A. SWANK
United States Magistrate Judge